IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

HARRY J. WILLIAMS          :

   v.                      :    Criminal No. DKC 10-0102
                                Civil Action No. DKC 11-0950
                           :
UNITED STATES OF AMERICA
                           :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this case is a motion filed by Petitioner Harry J. Williams to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (ECF No. 181). The issues are fully briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, Petitioner's motion will be denied.[1]

**I.  Background**

On March 10, 2010, the grand jury returned an indictment charging Petitioner and two co-defendants with submitting a false claim to the Internal Revenue Service in violation of 18 U.S.C. § 287. Following his initial appearance, Petitioner was conditionally released pending trial. At a March 30 attorney

---

[1] Petitioner has also filed seven motions to expedite a ruling on his motion. (ECF Nos. 183, 192, 196, 197, 198, 199, 200). These motions will be denied as moot.

inquiry hearing, he declined legal representation, opting instead to proceed *pro se*.

By a superseding indictment filed on May 26, 2010, the grand jury charged Petitioner and Thomas Arrona Johnson with one count of conspiring to defraud the United States, in violation of 18 U.S.C. § 286, and eight counts of submitting false claims, in violation of 18 U.S.C. § 287. Petitioner appeared before a magistrate judge for arraignment on the superseding indictment on June 3, at which time the indictment was formally read, Petitioner entered a plea of not guilty, and reiterated his desire to represent himself.

On July 23, Petitioner filed a document entitled "Action in Quo Warranto" (ECF No. 84)[2] and a motion to dismiss the superseding indictment (ECF No. 85). In both of these documents, Petitioner advanced arguments typically associated with so-called "flesh and blood" ideology – colloquially named for the distinction professed by adherents between the accused named in the indictment and the "flesh and blood" person of the defendant himself. These arguments, unfortunately, are not novel in this court. *See, e.g., United States v. Mitchell*, 405

---

[2] "Quo warranto is addressed to preventing a continued exercise of authority unlawfully asserted[.]" *Allah v. Linde*, No. C07-827-JLR, 2008 WL 1699441, at *1 (W.D.Wash. Apr. 10, 2008). Such a proceeding "can be brought only by the United States, and not by private individuals." *Id*. (citing *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 502 (1933)).

F.Supp.2d 602, 603-05 (D.Md. 2005) (discussing the origin and characteristics of these beliefs). They are generally characterized by the defendant's insistence on self-representation; refusal to acknowledge his name and/or signature; purporting not to understand the plain language of legal instruments; and repeated challenges to the court's jurisdiction. Consistent with these practices, Petitioner argued in his motion to dismiss that the "court lacks jurisdiction in personam [general & specific] and subject matter to make any valid adjudications other than dismissing the case" because he is "not a corporate citizen of the United States Inc." (ECF No. 85, at 2). He further "demand[ed] that this case be dismissed as the prosecution has no merits in its claims that are based in law" and that "[i]f the court believes that it does have jurisdiction it must provide evidence and proof of such in written form or official testimony[.]" (*Id*. at 3).

The court denied the motion to dismiss by a memorandum opinion and order issued July 29, 2010. (ECF Nos. 91, 92). Regarding Petitioner's jurisdictional challenge, it explained:

> To the extent that Mr. Williams' motion is intelligible, he challenges the jurisdiction of the court over him and seeks dismissal of the indictment as lacking in merit. Pursuant to 18 U.S.C. § 3231, this court has jurisdiction over all persons alleged to have violated the laws of the United States. He was properly brought before the court based on the indictment and

3

> superseding indictment charging him with violations of federal law. *United States v. Marks*, 530 F.3d 799, 810-11 (9th Cir. 2008). Furthermore, the government need not preliminarily demonstrate that it has evidence to proceed, nor will the court examine the evidence presented to the grand jury. *United States v. Klecker*, 348 F.3d 69, 73 (4th Cir. 2003) (citing *Costello v. United States*, 350 U.S. 359, 363 (1956)). The superseding indictment clearly and validly charges the offenses of conspiracy to make false claims under 18 U.S.C. § 287.

(ECF No. 91, at 3). Petitioner promptly moved for reconsideration (ECF No. 94), and that motion was denied on the record prior to the start of trial.

The case proceeded to a jury trial on August 3, 2010. On August 11, the jury returned a verdict finding Petitioner guilty on all counts. Sentencing was scheduled for November 15, 2010. When Petitioner failed to appear on that date, he was sentenced *in absentia* to concurrent terms of imprisonment of sixty and seventy-two months, to be followed by three years of supervised release. (ECF No. 138). A $900.00 special assessment was imposed and Petitioner was ordered to pay $1,149,170.19 in restitution.

Petitioner did not appeal. Instead, he filed, on April 12, 2011, the pending motion pursuant to 28 U.S.C. § 2255. (ECF No.

181).[3]  The Government opposed on June 22, 2011 (ECF No. 188), and Petitioner replied eight days later (ECF No. 191).

**II. Standard of Review**

Title 28, § 2255 requires a petitioner to prove by a preponderance of the evidence that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law." A *pro se* petitioner, such as Mr. Williams, is, of course, entitled to have his arguments reviewed with appropriate consideration. *See Gordon v. Leeke*, 574 F.2d 1147, 1151-53 (4th Cir. 1978). Where, however, a § 2255 petition, along with the files and records of the case, conclusively shows the petitioner is not entitled to relief, a hearing on the motion is unnecessary and the claims raised therein may be dismissed summarily. 28 U.S.C. § 2255(b).

**III. Analysis**

Petitioner continues to press his "flesh and blood" ramblings in the instant motion, arguing generally that "[t]he

---

[3] This was the third such motion filed by Petitioner. The first, filed approximately three weeks after the verdict (ECF No. 116), was denied without prejudice as premature (ECF No. 142). The second, filed December 2, 2010, was submitted by Petitioner's wife, Karita Kirk-Williams, who purportedly had power of attorney conveyed to her by Petitioner in August 2010. (ECF No. 150). The court subsequently denied Ms. Kirk-Williams leave to proceed as Petitioner's next-friend and dismissed the § 2255 motion filed by her without prejudice. (ECF No. 178).

5

court was deprived of subject matter jurisdiction due to due process violations and fraud on the court." (ECF No. 181, at 2 (emphasis removed)). The vast majority of the specific grounds he raises, however, have no bearing on the court's jurisdiction. Rather, they relate largely to evidentiary concerns rooted in Petitioner's fanciful notions that documentary evidence admitted by the government at trial was somehow inauthentic and/or that the government's witnesses were incompetent. Petitioner was required to pursue these claims on direct appeal, if at all, and his failure to do so, or to show cause and prejudice or actual innocence, renders them procedurally barred in the context of the instant motion. To the extent that he raises jurisdictional concerns that may be cognizable, his arguments are virtually identical to those raised in his motion to dismiss the superseding indictment and fail for the same reasons.

The ordinary rule is that "an error can be attacked on collateral review only if first challenged on direct review." *United States v. Harris*, 183 F.3d 313, 317 (4th Cir. 1999); *see also United States v. Sanders*, 247 F.3d 139, 144 (4th Cir. 2001) ("[h]abeas review is an extraordinary remedy and will not be allowed to do service for an appeal" (internal marks and citation omitted)). Where a petitioner has procedurally defaulted a constitutional claim by failing to raise it on direct appeal, it may be raised for the first time in a § 2255

6

motion only upon a showing of either "cause and actual prejudice resulting from the errors of which he complains," or a demonstration that "a miscarriage of justice would result from the refusal of the court to entertain the collateral attack." *United States v. Mikalajunas*, 186 F.3d 490, 492-93 (4th Cir. 1999).

A showing of cause for a procedural default "must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel." *Mikalajunas*, 186 F.3d at 493. To establish actual prejudice, the petitioner must show that the error worked to his "actual and substantial disadvantage," rather than merely creating a possibility of prejudice. *Murray v. Carrier*, 477 U.S. 478, 494 (1986). A petitioner demonstrates that a miscarriage of justice would result if the court does not consider a procedurally defaulted claim by showing "actual innocence by clear and convincing evidence" – in other words, "actual factual innocence of the offense of conviction, *i.e.*, that petitioner did not commit the crime of which he was convicted[.]" *Mikalajunas*, 186 F.3d at 493-94.

Petitioner initially argues that the "[i]ndictment failed to state a crime" insofar as it "failed to allege any facts by and through a witness competent to testify . . . to authenticated evidence to show that a violation of federal law

7

had occurred under any statutory authority." (ECF No. 181, at 2). He further contends that the arraignment on the superseding indictment was improper because it was conducted by a magistrate judge, and that this proceeding was, in effect, an attempt to cover-up unspecified deficiencies in the records of prior proceedings; that his constitutional right to a speedy trial was violated; that his constitutional right to confront witnesses was violated; that he was not provided with advance copies of the government's trial exhibits, "which as a matter of substantive due process were required to be authenticated and indexed and tabbed" (*id*. at 4); that certain evidence was not properly authenticated; that the court violated his due process rights by "not enforcing a subpoena of a necessary witness" and that "the prosecution excluded exculpatory evidence . . . by disregarding [his] subpoena" (*id*. at 5); and that the court "fail[ed] to give proper administrative review" of specified administrative documents (*id*.).

Each of these claims could have been raised on direct appeal, and it is undisputed that no appeal was filed. Petitioner, therefore, bears the burden of either showing cause and actual prejudice resulting from the alleged errors or that he is actually innocent of the crimes for which he stands convicted. He has made no such showing, nor could he based on the instant record.

The only claim that is potentially cognizable is Petitioner's argument that a defect in the indictment divested the court of subject matter jurisdiction. "An indictment only affects the Court's jurisdiction if it is so insufficient that it completely fails to charge an offense." *United States v. Boyd*, 259 F.Supp.2d 699, 708 (W.D.Tenn. 2003) (citing *United States v. Prince*, 868 F.2d 1379, 1384 (5th Cir. 1989)). Such an allegation may be cognizable in a § 2255 petition because "subject-matter jurisdiction can never be forfeited or waived . . . [and] any action by a court without subject-matter jurisdiction is 'ultra vires' and therefore void." *United States v. Hartwell*, 448 F.3d 707, 715 (4th Cir. 2006) (internal marks and citations omitted).

Pursuant to Federal Rule of Criminal Procedure 7(c), "[t]he indictment . . . must be a plain, concise, and definite written statement of the essential facts constituting the offense charged and must be signed by an attorney for the government." "To meet the demands of the Fifth and Sixth Amendments, an indictment must (1) contain the elements of the charged offense and fairly inform a defendant of the charges against him, and (2) enable him to plead double jeopardy in defense of future prosecutions for the same offense." *United States v. Sutton*, 961 F.2d 476, 479 (4th Cir. 1992). Petitioner does not allege that his indictment failed to meet these requirements. Rather,

he appears to believe that something along the lines of a supporting affidavit or declaration was necessary to corroborate the allegations contained therein. He points to no authority for this proposition, however, and the court is not aware of any. As noted in the prior opinion denying Petitioner's motion to dismiss, "[t]he superseding indictment clearly and validly charges the offenses of conspiracy to make false claims under 18 U.S.C. § 286 and eight counts of making false claims under 18 U.S.C. § 287." (ECF No. 91, at 3). Petitioner's argument to the contrary in the instant motion is patently meritless.

**IV. Conclusion**

For the foregoing reasons, Petitioner's motion to vacate, set aside, or correct his sentence will be denied.

Pursuant to Rule 11(a) of the Rules Governing Proceedings Under 28 U.S.C. §§ 2254 or 2255, the court is also required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). It may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a motion is denied on a procedural ground, a certificate of appealability will not issue unless the petitioner demonstrates both "(1) that

jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (internal quotation marks omitted). Petitioner has not satisfied this standard. The court will, therefore, decline to issue a certificate of appealability.

A separate order will follow.

                                                _____/s/_____
                                                DEBORAH K. CHASANOW
                                                United States District Judge